**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| ICE ROVER, INC., | |
| *Plaintiff*, | |
| v. | No. 6:22-cv-00794-ADA |
| BRUMATE, INC., | |
| *Defendant*. | |

**DEFENDANT'S MOTION TO DISMISS
FOR IMPROPER VENUE UNDER FED. R. CIV. P. 12(b)(3)**

Defendant Brumate, Inc. ("Brumate") moves to dismiss this case under Rule 12(b)(3) because venue is not proper in this District. In patent cases, venue is only proper: (1) in the district where the defendant resides; or (2) in a district where the defendant has a regular and established place of business and has committed acts of infringement. Brumate does not reside and has never resided in the Western District of Texas and has no regular and established place of business in the District.

For its part, Plaintiff Ice Rover, LLC ("Ice Rover") asserts that Brumate has "regular and established places of business throughout this District, including at least at 3210 Kramer Ln, Austin, TX 78758 and 321 Northwest Loop 410 Ste 112, San Antonio, TX 78216." (Dkt. 1, ¶¶3, 9, and 12.) These conclusory allegations are simply not true: The listed addresses are DICK's Sporting Goods Stores. Brumate has no interest, ownership, possession, or control over those retail outlets. As this court has previously recognized, the mere fact that a manufacturer's goods are sold

in a retail store is insufficient to establish that retail store as a "regular and established place of business" for the manufacturer.[1]

Since Brumate has no regular or established place of business in this District, Brumate respectfully requests that this Court dismiss this action for improper venue under Federal Rule of Civil Procedure 12(b)(3).

## I.   FACTUAL BACKGROUND

Brumate's business was started by Dylan Jacob ("Jacob") in 2016 when he was twenty-one and living in his hometown of Indianapolis, Indiana. (**Exhibit A**, Declaration of Dylan Jacob, ¶3.) Brumate's business was originally established as an Indiana limited liability company. (*Id.*, ¶4.) Jacob moved to Denver, Colorado in March 2019. (*Id.*) Around the same point in time, Brumate was incorporated as a Colorado corporation (and the assets of the Indiana limited liability company were transferred to the Colorado corporation) before ultimately being converted into a Delaware corporation. (*Id.*) While Brumate is a Delaware corporation, Brumate's headquarters and sole office where it does business have been located in Colorado since Jacob moved to Colorado in 2019. (*Id.*, ¶5.)

Since November 2019, Brumate has leased office space at 2935 Larimer St., Unit 302, Denver, Colorado 80205. (*Id.*, ¶6.) This is currently Brumate's only office and the location where the vast majority of Brumate's employees work from when not working from home. (*Id.*) Brumate operates no physical retail locations. (*Id.*) All of its sales are either online or through third-party retailers. (*Id.*, ¶7.)

Aside from its Denver office, Brumate has no other place of business. (*Id.*, ¶6.) Most importantly, Brumate has no place of business (or even employees or contractors) in the State of

---

[1] *See Koss Corp. v. Bose Corp.*, 6:20-CV-00661-ADA (W.D. Tex. June 22, 2021), pg. 4.

Texas, let alone this District. (*Id.*, ¶8.) Brumate's only contact with the State is through Texas consumers who purchase its product and through its routine relationships with retailers that sell Brumate's products. (*Id.*) While Brumate's products are sold through authorized retailers in the District, Brumate does not lease any shelf space at those retailers. (*Id.*, ¶9.) Moreover, Brumate does not have any employee or agent that ever conducts business at the site of the authorized retailers. (*Id.*)

In the Complaint, Ice Rover asserts that Brumate has "regular and established places of business throughout this District, including at least at 3210 Kramer Ln, Austin, TX 78758 and 321 Northwest Loop 410 Ste 112, San Antonio, TX 78216." (Dkt. 1, ¶3, 9, and 12.) This conclusory allegation is not based on reality or consistent with the applicable law. The listed addresses are for DICK's Sporting Goods retail stores (the "DICK's Sporting Goods Stores"). (**Exhibit B**, Declaration of Bradley M. Stohry, ¶5, Att. 1.) Brumate has no interest, ownership, possession, or control over the DICK's Sporting Goods Stores, or any other retail outlet in the District. (Ex. A, Jacob Decl., ¶10.) Brumate's products are simply sold at the DICK's Sporting Goods Stores. (*Id.*.) Brumate has no control over any aspect of the DICK's Sporting Goods Stores or how business is conducted at those stores. (*Id.*) Brumate does not even have dedicated shelf space or displays at the DICK's Sporting Goods Stores. (*Id.*) Brumate simply sells its products to the DICK's Sporting Goods Stores. (*Id.*) Those stores then stock and sell the products, and re-order them from Brumate as needed. (*Id.*)

After receiving the Complaint, Brumate's counsel raised these obvious issues with counsel for Ice Rover in a letter dated July 25, 2022. (Ex. B, Stohry Decl., ¶6, Att. 2.) In that letter, Brumate's counsel outlined Brumate's lack of a "regular and established places of business" in the District, as well as the relevant law on the issue, and asked that Ice Rover either withdraw the

Complaint or agree to a transfer of the case to the District of Colorado, where both Brumate and Ice Rover are based. (*Id.*) Ice Rover's counsel declined, instead citing misleading venue case law that is inapplicable to the facts. (*Id.*, ¶7, Att. 3.) Brumate now moves to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3).

## II.    LEGAL STANDARD

Because 28 U.S.C. § 1400(b) "is unique to patent law," venue for patent-infringement cases is governed by Federal Circuit law rather than the law of the regional circuit. *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Under Federal Circuit law, the plaintiff bears the burden of establishing that venue is proper. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). Venue is evaluated based on the complaint and evidence submitted by the party that moves to dismiss for improper venue. *Broadway Nat'l Bank v. Plano Encryption Techs.*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016) ("[I]n deciding whether venue is proper, 'the court is permitted to look at evidence beyond simply those facts alleged in the complaint and its proper attachments.'").[2]

In a patent infringement case, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For purposes of this statute, a corporation only "resides" in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017).

As for the "regular and established place of business" prong, the Federal Circuit has ruled that there are three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re*

---

[2] *See also Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 328 (5th Cir. 2009) (reiterating that courts faced with motions under Rule 12(b)(3) may "look at evidence in the record beyond simply those facts alleged in the complaint . . . .").

*Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). The Court detailed these requirements as follows in a case decided last year:

> A "place" requires a "building or part of a building set apart for any purpose" or "quarters of any kind" where business is conducted. "Regular" indicates a steady, uniform, orderly, and methodical manner of business operations. "Established" denotes that the place of business is settled certainly or fixed permanently. Courts should consider whether the defendant lists the place of business on its website or other directory, or whether the defendant's name appears on the building's sign. The fact that the defendant advertised the place as its place of business or has an office in that place is not sufficient to establish venue. "The defendant must actually engage in business from that location." A defendant need not own real property in the district to fulfill the venue requirement. Rather, the defendant can meet the statutory requirement by possessing or controlling any physical place in the district.

*Koss Corp. v. Bose Corp.*, 6:20-CV-00661-ADA (W.D. Tex. June 22, 2021), pg. 4 (internal citations omitted).

While leased shelf space at a retail store can constitute a "regular and established place of business" of a product manufacturer in some instances, such a finding requires that the product manufacturer have an employee or agent who regularly conducts business at that location. *In re Google LLC*, 949 F.3d 1338, 1347 (Fed. Cir. 2020)*; see also Koss*, 6:20-CV-00661-ADA, pg. 5 ("Leased shelf space can serve as a 'regular and established place of business' under the patent venue statute if the defendant also has an employee or agent conducting business in that district.").

Once a defendant moves to dismiss under Rule 12(b)(3), the plaintiff bears the burden of establishing that venue is appropriate. *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018). If venue is improper under § 1400(b), the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

## III.    ARGUMENT

Venue is clearly improper under the applicable standards because Brumate does not reside in the District, nor does it maintain a "regular and established place of business" in the District. Based on the relevant legal standards, these facts cannot be disputed.

### A.    Brumate "Resides" in Delaware.

In the Complaint, Ice Rover admits that Brumate "is a Delaware corporation." (Dkt. 1, ¶3.) For purposes of the "resides" prong of 28 U.S.C. § 1400(b), a corporation only "resides" in its state of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1521 (2017). As Delaware is Brumate's state of incorporation, venue is clearly not proper in the District under this prong.

### B.    Brumate's Only "Regular and Established Place of Business" is in Colorado.

Contrary to Ice Rover's conclusory allegations, Brumate does not have anything that could be described as a "regular and established place of business" in the District. As outlined above, the only physical location that is operated, possessed, or controlled by Brumate is its office in Denver, Colorado. (Ex. A, Jacob Decl., ¶6.) Brumate does not operate, possess, or control any other office, distribution center, retail store, or other physical location anywhere, let alone in this District. (*Id.*)

To support venue in this District, Ice Rover alleges that Brumate has "regular and established places of business throughout this District, including at least at 3210 Kramer Ln, Austin, TX 78758 and 321 Northwest Loop 410 Ste 112, San Antonio, TX 78216." (Dkt. 1, ¶3, 9, and 12.) This is not true. A simple Google search reveals that these addresses are for DICK's Sporting Goods Stores. (Ex. B, Stohry Decl., ¶5, Att. 1.) Brumate has no interest, ownership, or control over these DICK's Sporting Goods Stores. (Ex. A, Jacob Decl., ¶10.) Instead, they are merely third-party retail stores where Brumate's products can be purchased alongside the products

6

of thousands of other companies. (*Id.*) Brumate does not lease dedicated shelf space or even have displays at the DICK's Sporting Goods Stores. (*Id.*) Brumate simply sells its products to the DICK's Sporting Goods Stores. Those stores then stock and sell the products, and re-order them from Brumate as needed. (*Id.*)

*Koss* makes clear that the sale of products through third-party retail stores does not constitute a "regular and established place of business" for a company whose products are merely sold through that store. *Koss Corp. v. Bose Corp.*, 6:20-CV-00661-ADA (W.D. Tex. June 22, 2021). In that case, the Court indicated that the plaintiff failed to prove that the defendant had a regular and established place of business in the District because the defendant did not lease or own any real property in the Texas and merely sold its products through third-party retail stores that operated in Texas. *Koss*, 6:20-CV-00661-ADA, pg. 5. The defendant in *Koss* even had interactive displays that were set up in third-party retail stores to help drive sales of the defendant's product. However, the Court found that, "[b]ecause no employee or agent of [the defendant] conducts [the defendant's] business at the interactive displays, they cannot be a 'place of [the defendant].'" *Id.*, pg. 8. Here, Brumate does not even have any interactive display at the DICK's Sporting Goods Stores.

This Court's decision in *Koss* is consistent with the approach of courts around the country. These courts have repeatedly held that a manufacturer's sale of its products through third-party retailers, and ordinary activities related to such relationships – such as identifying on a website those retail stores as locations where the manufacturer's products can be purchased or providing displays that the retailer can use for the products – are insufficient to make the retail store a place of business *of the manufacturer. See, e.g., AptusTech LLC v. Trimfoot Co., LLC*, 2020 WL 1190070, *3 (E.D. Tex. Mar. 12, 2020) (finding venue improper where defendant listed retail

stores in the Eastern District of Texas on its web site); *Inhale, Inc. v. Gravitron, LLC*, 2019 WL 5880192, \*4 (N.D. Cal. Sept. 5, 2018) ("Numerous courts have held that selling defendant's products through an independent distributor is not sufficient to satisfy the patent venue statute."); *Vaxcel Int'l Co., Ltd. v. Minka Lighting, Inc.*, 2018 WL 6930772, \*2 (N.D. Ill. July 11, 2018) (finding venue improper where the defendant listed Home Depot stores in the Northern District of Illinois on its web site, subsidized and set up product displays at those Home Depot stores, and traveled to those Home Depot stores to train Home Depot's employees); *Reflection, LLC v. Spire Collective LLC*, 2018 WL 310184, \*4 (S.D. Cal. Jan. 5, 2018) ("Since Spire has no control over its products once they are sent to Amazon FC's, these storage centers cannot be said to be the 'place of Defendant.'").

As outlined above, Brumate's counsel raised this issue with Ice Rover's counsel in an attempt to avoid the need for this Motion. (Ex. B, Stohry Decl., ¶6, Att. 2.) In response, Ice Rover's counsel pointed to Brumate's authorized retailers that operate in the District, citing *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:17-CV-00170, 2018 WL 4560742, at 4\* (E.D. Tex. Mar. 9, 2018), for the proposition that "leased shelf space" within a retail store can constitute a "regular and established place of business" for Brumate. (*Id.*, ¶7, Att. 3.) Ice Rover's citation to *Tinnus* is inapplicable to the facts here because subsequent case law makes it clear that for leased shelf space to constitute a "place of business" of Brumate, Brumate would need to have an "employee or agent regularly conducting its business at" such space. *In re Google*, 949 F.3d at 1347. In *Koss*, the Court noted this requirement and stated that leased shelf space was not enough for venue where the defendant was not "responsible for sales-related operations, such as restocking supplies, affixing pricing stickers, and arranging products." *Koss*, 6:20-CV-00661-ADA, pg. 8.

Here, Brumate sells its products to the DICK's Sporting Goods Stores and other authorized retailers in the District (collectively, the "Authorized Retailers") without reserving any control over the products. (Ex. A, Jacob Decl., ¶11.) Brumate does not even lease shelf space at any of the Authorized Retailers – Brumate merely supplies the products for the Authorized Retailers to sell as they see fit within their stores. (*Id*., ¶14)

Moreover, Brumate employees do not conduct business at the Authorized Retailers. (*Id.*, ¶13.) In fact, Brumate has no employees or agents within the District or even the State of Texas. (*Id.*) As such, Brumate does not stock the shelves with its products, arrange the products, affix pricing stickers, or provide any sort of service at the Authorized Retailers. (*Id.*) Also, despite Ice Rover's counsel's assertion to the contrary in his correspondence (Ex. B, Stohry Decl., ¶7, Att. 3.), Brumate has no agreements with any of the Authorized Retailers that requires placement of merchandise, shelf-space, or in-store advertising. (Ex. A, Jacob Decl., ¶12.) Instead, Brumate merely supplies its products to the Authorized Retailers. If the Authorized Retailers sell Brumate's products, they are the ones to decide how those products are promoted within the stores. (*Id.*, ¶14.) Brumate simply has no control over any aspect of how the Authorized Retailers do this.

Based on these activities and the relevant law, there is no good faith basis for any argument that the Authorized Retailers are regular and established places of business of Brumate. While these locations are regular and established places of business for the Authorized Retailers, they clearly are not regular and established places of business *of Brumate*.

**C.   The Complaint Should Be Dismissed or the Case Should be Transferred to the District of Colorado.**

Brumate thus respectfully requests that the Court grant Brumate's motion to dismiss for improper venue under Rule 12(b)(3). 28 U.S.C. § 1406(a) provides that when venue is improper, courts "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division

in which it could have been brought." Brumate submits that dismissal is appropriate in this instance and consistent with the Court's rulings in other similarly situated cases. *See Koss*, 6:20-CV-00661-ADA; *Greatgigz Solutions, LLC v. Maplebear, Inc.*, No. W-20-CV-00737-ADA (W.D. Tex. Oct. 6, 2021).

If the Court opts to transfer this case instead, the obvious venue for transfer is the District of Colorado. As outlined in the Complaint, Ice Rover "is a Colorado Corporation with its principal place of business located at 1898 South Flatiron Court, Suite 100, Boulder, Colorado 80301." (Dkt. 1, ¶1.) The patents asserted in this case also reference the inventor as being located in Boulder, Colorado. (Dkt. 1-1, pg. 2, 30, and 35.) As outlined above, Brumate's principal place of business is 2935 Larimer St., Unit 302, Denver, Colorado 80205. (Ex. A, Jacob Decl., ¶6.) According to Google Maps, the parties' respective offices are less than 30 miles apart. (Ex. B, Stohry Decl., ¶8, Att. 4.) For the convenience of the parties and their witnesses, it could not be clearer that this matter belongs in the District of Colorado, instead of a Court nearly 1,000 miles away from the location of the parties, their witnesses, and their relevant files.

## V.   CONCLUSION

For the foregoing reasons, Brumate respectfully requests that the Court grant Brumate's motion to dismiss the Complaint under Rule 12(b)(3) for improper venue, or, in the alternative, transfer the case to the District of Colorado.

Respectfully submitted,

**CLEVELAND KRIST PLLC**

*/s/ Timothy Cleveland*
Timothy Cleveland
State Bar No. 24055318
Austin H. Krist
State Bar No. 24106170
303 Camp Craft Road, Suite 325
Austin, Texas 78746
(512) 689-8698
tcleveland@clevelandkrist.com
akrist@clevelandkrist.com

*Attorneys for Brumate, Inc.*

## CERTIFICATE OF SERVICE

I certify that this filing was served on any counsel of record in the above-captioned cause through the electronic filing system or by email on August 9, 2022.

*/s/ Austin H. Krist*
Austin H. Krist